UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LISA A CARTER** | **CASE NO.  6:17-CV-00052** |
| **VERSUS** | **CHIEF JUDGE S. MAURICE HICKS, JR.** |
| **TEXAS ROADHOUSE HOLDINGS LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Compel. (Rec. Doc. 32). Defendants, three Texas Roadhouse entities, oppose the Motion (Rec. Doc. 34), and Plaintiff replied (Rec. Doc. 37). The parties participated in a telephone hearing on April 23, 2021.

Plaintiff in this slip and fall incident seeks to compel Defendants to produce a copy of its unredacted Incident Abstract Report. (Redacted Report at Rec. Doc. 32-8). Defendants objected to producing the unredacted report based on the work-product privilege. Defendants provided a copy of the unredacted Report for the Court's inspection. The substantive redacted portions of the report contain claim notes by an adjuster from December 15, 2015 through December 9, 2016.[1]

---

[1] Also redacted from the report was non-substantive information including data entry fields with basic information, such as "Entry Date" and "Active Date."

The work product privilege applies to documents "prepared in anticipation of litigation." Fed.R.Civ.P. 26(b)(3). The privilege can apply where litigation is not imminent, "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *In re Kaiser Aluminum & Chem. Co.,* 214 F.3d 586, 593 (5th Cir. 2000), quoting *United States v. El Paso Co.* 682 F.2d 530, 542 (5th Cir.1982).

A division of this Court previously recognized that an insurance adjuster's claims file is not automatically shielded by the work-product doctrine, but, rather, may constitute information prepared in the ordinary course of the insurance adjusting business:

> Numerous courts have noted the difficulty of determining the scope of work product privilege as it applies to insurance claims files or records from an insurer's investigation of an insured's claim" *St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.,* 197 F.R.D. 620, 630 (N.D.Iowa 2000). "Because an insurer's business is to investigate claims that may or may not result in litigation, application of the work product privilege to insurance claims investigations has been frequently litigated." *Goodyear Tire and Rubber Co. v. Chiles Power Supply, Inc.,* 190 F.R.D. 532, 535 (S.D.Ind.1999). "[C]ourts have routinely recognized that the investigation and evaluation of claims is part of the regular, ordinary, and principal business of insurance companies. Thus, even though litigation is pending or may eventually ensue does not cloak such routinely generated documents with work product protection." *Piatkowski v. Abdon Callais Offshore, L.L. C.,* No. CIV.A.99–3759, 2000 WL 1145825, at *2 (E.D.La. Aug. 11, 2000).
>
> *Douga v. D & Boat Rentals, Inc.*, No. CIV A 04-1642, 2007 WL 1428678, at *4 (W.D. La. May 10, 2007).

Based on the foregoing, courts routinely find claims adjuster notes are subject to disclosure absent specific evidence that the notes were specifically to aid in future litigation. See e.g. *Hunter v. GEICO Gen. Ins. Co.,* No. CV 17-05070, 2018 WL 4352823, at *16 (E.D. La. Sept. 12, 2018); *Blackmon v. Bracken Constr. Co., Inc.,* No. CV 18-142-BAJ-SDJ, 2020 WL 6731113, at *17 (M.D. La. Nov. 16, 2020); *Clean Pro Carpet & Upholstery, Inc. v. Upper Pontalba of Old Metairie Condo. Ass'n, Inc.,* No. CV 20-1550, 2020 WL 7229700, at *3 (E.D. La. Dec. 8, 2020).

The redacted claim notes in this case do not support application of the work-product doctrine. Other than administrative title notations, the notes contain only brief statements of the status of Plaintiff's claim, such as the adjuster's attempts to contact Plaintiff following the incident for more information. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel (Rec. Doc. 32) is GRANTED.

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of April, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE